FILED
CLERK, U.S. DISTRICT COURT
12/9/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___eva___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:20-cr-00612-AB |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 152(3): False Statement in Bankruptcy; 18 U.S.C. § 152(1): Concealment of Assets in Bankruptcy; 18 U.S.C. § 152(2): False Statements Under Oath; 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering; 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MARK HANDEL, | |
| Defendant. | |

UNDER SEAL

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendant MARK HANDEL was a real estate developer residing in Los Angeles County.

2. Defendant HANDEL worked as a real estate developer for more than thirty years, engaging in the buying, selling, and developing of commercial and residential real estate. Defendant HANDEL was instrumental in every step of these projects, including: (a) working

RCP:rcp

with government authorities and politicians for zoning changes and construction density (e.g. the number of housing units allowed); (b) construction financing, loan negotiations, loan re-financing; (c) everyday construction decisions, such as about disbursement of loan proceeds, pricing and sale of the properties, negotiation of final sales offers, and disbursement of the proceeds from the sales.  Among other things, defendant HANDEL approved payment of invoices, discussed specifications with architects and designers, and pitched new projects.

3.   Defendant HANDEL also solicited large amounts of donations from his business associates and others to be paid to politicians, which defendant HANDEL described as being a "bundler."  Defendant HANDEL did this, at least in part, to benefit his real estate projects by gaining access to and having influence over politicians.

4.   Defendant HANDEL's wife was a homemaker and/or worked as a teacher.  Defendant HANDEL's wife did not have experience in real estate development and did not work on defendant HANDEL's real estate development projects.

**Limited Liability Companies, Corporations, and Nominees**

5.   With the assistance of others, defendant HANDEL used multiple corporations and entities to conceal his involvement in real estate development projects and his income.  Defendant HANDEL purposely failed to put his name on the corporations and entities to conceal and disguise his involvement and to deceive his creditors. Among the non-exhaustive list of entities defendant HANDEL used or caused to be used to conceal his involvement and income were: Future Growers, LLC; BSVERCOM, LLC; Big Tujunga Villas, LLC; SJC Peppertree, LLC; 2013 Opportunity Fund, LLC; 2013 Opportunity Fund A, LLC;

Charter 4 2014 LLC; Harbor City 10 LLC; Lone Pine Investors Group; Lone Pine, LLC; Livermore Condor, LLC; and Investors Capital Group. Defendant HANDEL used and caused to be used his wife as a nominee partner, manager, and owner of LLCs. Defendant HANDEL also used and caused to be used Individual A and Individual B as nominee partners, managers, and owners of LLCs.

6. DTMM was a corporation that defendant HANDEL caused to be registered in his wife's name, but through which defendant HANDEL ran all of his personal expenses. Defendant HANDEL told his friends and business associates that DTMM stood for "Don't Touch My Money," and defendant HANDEL controlled and owned it.

7. Individual B was defendant HANDEL's business partner and accountant. Defendant HANDEL was a partner in real estate development projects with Individual B and split the profits from those projects.

**Concealed Assets and Properties Developed**

8. Prior to and during the pendency of his bankruptcy, through the use of the above-described entities, defendant HANDEL developed properties including: 23555 Mulholland Highway, Calabasas; 23401 Mulholland Highway, Calabasas; 23421 Mulholland Highway, Calabasas; 5800 Jed Smith Road, Hidden Hills; 2716 Starpine Drive, Duarte (Duarte Development 15, LLC); 2724 Starpine Drive, Duarte; 2732 Starpine Drive, Duarte; 32275 Peppertree Bend, San Juan Capistrano (SJC Peppertree LLC and Future Growers LLC); 12400 Big Tujunga Canyon Road, Tujunga; 1620 237th Street #1, Harbor City; 1620 237th Street #2, Harbor City; 1620 237th Street #3 (and # 4 to #10), Harbor City, and multiple parcels of land in Livermore, California.

9. Beginning in the 2008 calendar year, defendant HANDEL reported a net operating loss of $9,502,795 on his Form 1040 United States Individual Tax Return and continued to report this loss on his Form 1040 for each and every calendar year through at least 2017.

10. Beginning in 2008 and continuing through at least 2017, defendant HANDEL received income from Individual A as a "kickback" on a conservation easement donation deal he made with Individual A. Defendant HANDEL received income from Individual A related to the land sale and donation in the following amounts in the following years: $223,500 (2009), $518,000 (2010), $550,000 (2011), $588,000 (2012), $594,000 (2013), $540,500 (2014), $847,507 (2015), and $783,022 (2016).

**Filing of Bankruptcy Case**

11. On or about April 14, 2015, in Los Angeles County, defendant HANDEL filed and caused to be filed a bankruptcy petition under Title 11, United States Code, namely, bankruptcy case number 1:15-bk-11292-MT, entitled In re Mark Handel, in the United States Bankruptcy Court for the Central District of California. No trustee was appointed in that bankruptcy case.

12. As the debtor in a chapter 11 case where no trustee was appointed, defendant HANDEL became the debtor-in-possession. A debtor-in-possession was charged with almost the same obligations and duties of a trustee, including a fiduciary duty to the bankruptcy estate and its creditors, and a duty to preserve and conserve bankruptcy estate assets to maximize benefit to creditors.

13. On April 14, 2015, defendant HANDEL filed a Statement and Schedules in support of his bankruptcy petition. On June 19, 2015, defendant HANDEL filed an amended petition and schedules. Defendant

4

HANDEL signed the bankruptcy petition, Statement and Schedules, swearing the information to be true.

14. Defendant HANDEL filed the bankruptcy to escape debt he owed to California Bank and Trust ("CBT") and its collection efforts. At the time of the initial bankruptcy filing, defendant HANDEL listed in his petitions approximately $10 million in debt he owed to CBT that he sought to discharge.

15. On the petition, amended petition, during the creditors hearing under Title 11, United States Code, Section 341(a) ("341(a) hearing"), and during other parts of the proceedings, defendant HANDEL knowingly and fraudulently made and willfully caused to be made materially false declarations and statements under penalty of perjury within the meaning of Title 28, United States Code, Section 1746.

16. Throughout the bankruptcy, defendant HANDEL repeatedly falsely stated, and caused to be stated, that he was unemployed, had been unemployed for many years, had no business, and had no income. Defendant HANDEL also concealed his interest in the entities and assets described above, including the real property at 8554 Burnet #124, North Hills, California.

17. Defendant HANDEL made these false statements to defraud CBT, Sunnyside Development Partners, LLC, and other creditors, and to force them to settle his debts for much less than he owed.

18. These Introductory Allegations are incorporated into each count of this Indictment.

COUNT ONE

[18 U.S.C. §§ 152(3), 2(b)]

19.  On or about April 14, 2015, in Los Angeles County, within the Central District of California, defendant HANDEL knowingly and fraudulently made and willfully caused to be made a materially false declaration and statement under penalty of perjury within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, United States Code, namely bankruptcy case number 1:15-bk-11292-MT in the United States Bankruptcy Court for the Central District of California, by submitting and declaring under penalty of perjury to be true a Statement of Financial Affairs, which represented that defendant HANDEL had no "gross amount of income" from "employment, trade, or profession, or from operation of [defendant HANDEL's] business, including part-time activities either as an employee or in independent trade or business" from 2013 to the time of filing.  In fact, as defendant HANDEL knew, he had received substantial income from employment or operation of a business for these periods.

COUNT TWO

[18 U.S.C. §§ 152(1), 2(b)]

20. Beginning on or about April 14, 2015, and continuing through at least June 19, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant HANDEL knowingly and fraudulently concealed, and willfully caused to be concealed, from the United States Bankruptcy Court, the United States Trustee and creditors of bankruptcy case number 1:15-bk-11292-MT, a material amount of property belonging to the bankruptcy estate of defendant HANDEL, namely, defendant HANDEL's interests in partnerships and joint ventures by, among other means, on or about on or about April 14, 2015, submitting and causing to be submitted a Schedule B-Personal Property that failed to list his "interests in partnerships or joint ventures."

COUNT THREE

[18 U.S.C. §§ 152(1), 2(b)]

21. Beginning on or about April 14, 2015, and continuing through at least June 19, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant HANDEL knowingly and fraudulently concealed, and willfully caused to be concealed, from the United States Bankruptcy Court, the United States Trustee and creditors of bankruptcy case number 1:15-bk-11292-MT, a material amount of property belonging to the bankruptcy estate of defendant HANDEL, namely, defendant HANDEL's interests in partnerships and joint ventures, by, among other means, on or about April 14, 2015, submitting and causing to be submitted a Schedule A-Real Property that failed to list all real property in which defendant HANDEL had "legal, equitable, or future interest."

COUNT FOUR

[18 U.S.C. § 152(2), 2(b)]

22. On or about May 21, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant HANDEL knowingly and fraudulently made a false material oath and account, in and in relation to a case under Title 11, United States Code, namely, bankruptcy case number 1:15-bk-11292-MT, by falsely testifying under oath in a proceeding at a meeting of creditors that defendant HANDEL had not worked in years and that defendant HANDEL's personal expenses were funded by loans from Individuals A and B when, in fact, as defendant HANDEL knew, defendant HANDEL was working as a real estate developer and that the funds from Individuals A and B were not real loans but were instead income defendant HANDEL made from his work as a real estate developer, from his interest in real estate development businesses, and from the conservation easement donation deal.

COUNTS FIVE THROUGH NINE

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2(a)]

23. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant HANDEL knowingly conducted, attempted to conduct, and aided, abetted, counseled, commanded, induced and procured the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, concealment of assets, false oaths, and false statements in bankruptcy, in violation of Title 18, United States Code Section 152(1), (2), and (3), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| FIVE | 12/22/2015 | Deposit of check no. 5013, in the amount of $65,000.00, from Investors Capital Group, payable to DTMM, into a City National Bank Account, in the name of DTMM in Los Angeles, California. |
| SIX | 12/22/2015 | Wire transfer in the amount of $350,000, from Investors Capital Group, payable to CBT, for the benefit of Buchalter, Nemer, in Los Angeles, California. |
| SEVEN | 5/22/2018 | Deposit of check no. 07003321, in the amount of $97,117.46, from Ticor Title Company, payable to DTMM, into a City National Bank Account in the name of DTMM, in Los Angeles, California. |

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| EIGHT | 5/22/2018 | Deposit of check no 07003360, in the amount of $3,960.00, from Ticor Title Company, payable to DTMM, into a City National Bank Account in the name of DTMM, in Los Angeles, California. |
| NINE | 5/22/2018 | Deposit of check no. 1001, in the amount of $4,205, from Park Ave. Properties Ltd. dba Foothill Realty, payable to DTMM, into a City National Bank Account in the name of DTMM, in Los Angeles, California. |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the conviction of defendant MARK HANDEL, under any of Counts One through Four of this Indictment.  If so convicted, defendant HANDEL shall forfeit the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of each such offense.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), defendant HANDEL shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant HANDEL, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Five through Nine of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an

intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/
_____
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section

RUTH C. PINKEL
AGUSTIN D. OROZCO
Assistant United States Attorney
Public Corruption & Civil Rights Section