**FILED**
CLERK, U.S. DISTRICT COURT

2/6/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAV _____ DEPUTY

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8452
     Facsimile: (213) 894-0141
     E-mail:    thomas.rybarczyk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-612-ODW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARK HANDEL |
| v. | |
| MARK HANDEL, | |
| Defendant. | |

1.   This constitutes the plea agreement between MARK HANDEL ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count First Superseding

Information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with False Statement in Bankruptcy in violation of 18 U.S.C. § 152(3) and Subscribing to a False Tax Return in violation of 26 U.S.C. § 7206(1).

b.   Not contest the Factual Basis agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant further agrees:

a.   To forfeit all right, title, and interest in $3,545,712.44, which represents the net proceeds of the sale of the real property located at the intersection of Comcast Place and North Canyons Parkway in Livermore, California, which property was sold pursuant to the Order for Interlocutory Sale entered on May 10, 2021 (Dkt. 49), (the "forfeitable property").

2

b.   To deliver to the undersigned Assistant United States Attorney, within fourteen (14) calendar days of defendant's execution of this plea agreement, a notarized release in the form of Exhibit B attached to this agreement, or a substantially similar form, executed by Sarah Jane Lulloff, waiving her and her entities' right to contest the forfeiture of the forfeitable property.

c.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the forfeitable property and to the forfeiture of the forfeitable property, which the parties agree should be the full amount to be forfeited in this case.

d.   That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

e.   To take whatever steps are necessary to pass to the United States clear title to the forfeitable property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

f.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the forfeitable property.  If defendant submitted a claim and/or petition for remission for all or part of the forfeitable property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the forfeitable property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

g.   Not to assist any other individual in any effort falsely to contest the forfeiture of the forfeitable property.

3

h.   Not to claim that reasonable cause to seize the forfeitable property was lacking.

i.   To prevent the transfer, sale, destruction, or loss of the forfeitable property to the extent defendant has the ability to do so.

j.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

k.   That forfeiture of forfeitable property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

l.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the forfeitable property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the forfeitable property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

1    m.   The parties further agree that, pursuant to the Asset

2 Forfeiture Policy Manual (2021), Chapter 14, Sec. II.B.2 and 28

3 C.F.R. Part 9.8, upon a determination by the government that it can

4 make the required representations set forth therein, and if requested

5 by defendant, the government will submit a restoration request to the

6 Money Laundering and Asset Recovery Section of the Department of

7 Justice, seeking approval for any assets forfeited to be restored

8 to the victims in this case, which may, in turn, satisfy in full or

9 part any restitution order. Defendant has acknowledged that the

10 Attorney General, or his designee, has the sole discretion to approve

11 or deny the restoration request.

12                          PAYMENT OF TAXES OWED

13    4.   Defendant admits that defendant received unreported income

14 in the following amounts for the following time-periods or years:

15 $624,676 for 2010; $1,025,148 for 2011; $558,652 for 2012; $1,074,062

16 for 2013; $909,049 for 2014; $1,096,175 for 2015; $978,095 for 2016;

17 $621,020 for 2017.  Defendant further admits that he took an improper

18 net operating loss deduction for tax year 2018 and therefore

19 underreported his income by $1,411,050.  Defendant agrees that:

20    a.   Defendant will file, prior to the time of sentencing,

21 amended returns for the years subject to the above admissions,

22 correctly reporting unreported income and correcting improper

23 deductions and credits; will, if requested to do so by the Internal

24 Revenue Service, provide the Internal Revenue Service with

25 information regarding the years covered by the returns; will pay to

26 the Fiscal Clerk of the Court, if financially able, at or before

27 sentencing all additional taxes and all penalties and interest

28 assessed by the Internal Revenue Service on the basis of the returns.

1  Payments may be made to the Clerk, United States District Court,

2  Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles,

3  California 90012.

4        b.   In the event Defendant's returns are inconsistent with

5  the amounts reflected in paragraph 4, then this agreement does not

6  foreclose or limit the ability of the IRS to examine and make

7  adjustments to defendant's returns after they are filed.

8        c.   Defendant will not, after filing the returns, file any

9  claim for refund of taxes, penalties, or interest for amounts

10  attributable to the returns filed in connection with this plea

11  agreement.

12        d.   Defendant is liable for the fraud penalty imposed by

13  the Internal Revenue Code, 26 U.S.C. § 6663 on the understatements of

14  tax liability for 2010, 2012, 2013, 2015, 2017, and 2018.

15        e.   Defendant gives up any and all objections that could

16  be asserted to the Examination Division of the Internal Revenue

17  Service receiving materials or information obtained during the

18  criminal investigation of this matter, including materials and

19  information obtained through grand jury subpoenas.

20        f.   Defendant will sign closing agreements with the

21  Internal Revenue Service contemporaneously with the signing of this

22  plea agreement, permitting the Internal Revenue Service to assess and

23  collect the total sum of $1,450,070.25, which comprises the tax

24  liabilities ($10,691 for tax year 2010, $44,664 for tax year 2012,

25  $631 for tax year 2013, $927 for tax year 2015, $327,408 for tax year

26  2017, and $507,327 for tax year 2018) and assess and collects the

27  civil fraud penalties for each year ($10,418.25 for tax year 2010,

28  $14,596.50 for tax year 2012, $473.25 for tax year 2013, $1,653.75

for tax year 2015, $154,290 for tax year 2017, and $376,900.50 for tax year 2018).  Defendant further understands that he will have to pay statutory interest on his tax liabilities, which will be computed as provided by law.

THE USAO'S OBLIGATIONS

5.   The USAO agrees to:

a.   Not contest the Factual Basis agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the underlying indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

6.   Defendant understands that for defendant to be guilty of the crime charged in the count one, that is, False Statement in Bankruptcy, in violation of Title 18, United States Code, Section 152(3), the following must be true:  (1) the existence of a bankruptcy proceeding; (2) a statement or declaration under penalty

of perjury was made therein, or in relation thereto; (3) the statement or declaration was made as to a material fact; (4) the statement or declaration was false; and (5) that the statement or declaration was knowingly and fraudulently made.

7.   Defendant understands that for defendant to be guilty of the crime charged in the count two, that is, Subscribing to a False Tax Return, in violation of Title 26, United States Code, Section 7201(1), the following must be true:  (1) defendant signed and filed a tax return for the year 2015 that he knew contained false information as to a material matter; (2) the return contained a written declaration that it was being signed subject to the penalties of perjury; and (3) in filing the false tax return, defendant acted willfully.  A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.  A defendant acts willfully when defendant knows that federal tax law imposed a duty on defendant and defendant intentionally and voluntarily violated that duty.

<u>PENALTIES AND RESTITUTION</u>

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 152(3), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7206(1), is: three years imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross

gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: eight years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

11. Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct, and including defendant's improper net operating loss deduction from 2010 to 2018, and defendant's failure to report income for 2010 to 2017; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

12. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.

13.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

14.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

15.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his/her attorney or the Court, can predict to an absolute certainty the effect of his/her conviction[s] on his/her immigration status.  Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that his/her pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

16.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

**Background**

Defendant is a real estate developer residing in Los Angeles County, within the Central District of California.  Defendant has worked consistently as a real estate developer for over thirty years engaging in the buying, selling, and developing of commercial real estate.

1       DTMM Construction Inc. ("DTMM") was a corporation that defendant
2   caused to be registered in his wife's name but through which
3   defendant used to deposit the profits from his own work as a real
4   estate developer and to pay for defendant's and his family's living
5   expenses.  With the assistance of his accountant/business partner,
6   defendant purposefully concealed his income from Investors Capital
7   Group, Lone Pine Investors Group, LLC, Lone Pine Investors Group 2,
8   LLC, Duarte Development 15, LLC, 2013 Opportunity Fund A LLC, Future
9   Growers, LLC, BSVercom, LLC, Harbor City 10, LLC, and SJC Peppertree
10  LLC by depositing this income into DTMM and its accounts.

11      On or about April 14, 2015, in Los Angeles County, within the
12  Central District of California, defendant filed and caused to be
13  filed a bankruptcy petition under Title 11, United States Code,
14  namely bankruptcy case number 1:15-bk-11292-MT, entitled In re Mark
15  Handel, in the United States Bankruptcy Court for the Central
16  District of California (the "Bankruptcy Case").

17      **False Statements in Bankruptcy**

18      On or about April 14, 2015, in Los Angeles County, within the
19  Central District of California, defendant HANDEL knowingly and
20  fraudulently made and willfully caused to be made a materially false
21  declaration and statement under penalty of perjury within the meaning
22  of Title 28, United States Code, Section 1746, in and in relation to
23  a case under Title 11, United States Code, namely, the Bankruptcy
24  Case, by submitting and declaring under penalty of perjury to be true
25  a Statement of Financial Affairs, which represented that defendant
26  HANDEL had no "gross amount of income" from "employment, trade, or
27  profession, or from operation of [defendant's] business, including
28  part-time activities either as an employee or in independent trade or

business" from 2013 to the time of filing.  In fact, as defendant
HANDEL knew, he had received substantial income from employment or
operation of a business for these periods, income he received through
his company, DTMM.  Specifically, from January 2013 through April 14,
2015, defendant earned approximately $2,263,221 in income in
connection with his work as a real estate developer, which he
intentionally did not disclose during his bankruptcy case.  To
conceal that income, defendant with the assistance of his accountant
and others disguised his income from companies and entities,
including Investor Capital Group, Lone Pine Investors Group, LLC,
Lone Pine Investors Group 2, LLC, Duarte Development 15, LLC, 2013
Opportunity Fund A LLC, and Future Growers, LLC.

        Defendant's false statements concerning his income and
employment were material to the activities or decisions of the
bankruptcy trustee and defendant's creditors; that is, they had a
natural tendency to influence, or were capable of influencing, the
decisions of the bankruptcy trustee and defendant's creditors.

    In connection with his bankruptcy case, defendant intentionally
concealed assets from the bankruptcy trustee and his creditors,
including defendant's interest in the real property located at the
intersection of Comcast Place and North Canyons Parkway in Livermore,
California, namely, Assessor Parcel Number 905-0010-006, described
more particularly as Parcel 3, Parcel Map 5112, filed September 29,
1987, in Book 172, Pages 11 through 14, inclusive, of Maps, Alameda
County.

**Subscribing to a False Tax Return**

    On or about October 13, 2016, in Los Angeles County, within the
Central District of California, defendant caused his and his wife's

13

United States Individual Income Tax Return, (Form 1040), for 2015, to be filed electronically with the IRS.  Prior to doing so, defendant had authorized his tax preparer to file his return electronically for him with the IRS.  Defendant willfully signed and subscribed to this tax return, which contained a written declaration that it was being signed under the penalty of perjury and which defendant knew contained materially false information, namely, he knew the return failed to disclose approximately $1,096,175 in additional income.  Defendant understood that the false and fraudulent income information provided by defendant was material in that it affected the IRS's calculation of the amount of income earned and prevented the IRS from verifying the accuracy of the amount of tax claimed to be owed on defendant's return.  Defendant acted willfully in that defendant knew that the law required him to report all income accurately.  Defendant voluntarily and intentionally violated that duty.

For calendar years 2010 to 2017, defendant failed to report a total of approximately $6,886,877 of income on his Forms 1040, which consists of the following: $624,676 (2010); $1,025,148 (2011); $558,652 (2012); $1,074,062 (2013); $909,049 (2014); $1,096,175 (2015); $978,095 (2016); and $621,020 (2017).

As a result of defendant's conduct, the net operating loss associated with defendant's 2017 Form 1040 is reduced to $333,071, compared to $7,259,119 that is reported on the 2017 Form 1040.  Thus, the net operating loss deduction is disallowed for the tax year 2018. As a result of the net operating loss being disallowed in the 2018 tax year, defendant underreported his income by $1,411,050 and therefore failed to pay $460,408 in additional tax.

1

SENTENCING FACTORS

2     17.   Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).   Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10   Sentencing Guidelines and the other § 3553(a) factors, the Court will

11   be free to exercise its discretion to impose any sentence it finds

12   appropriate up to the maximum set by statute for the crimes of

13   conviction.

14     18.   Defendant and the USAO agree to the following applicable

15   Sentencing Guidelines factors:

16   **Count One**

17   Base Offense Level:          6   [U.S.S.G. § 2B1.1(a)(2)]

18   Specific Offense
     Characteristics
19
     Loss over $1.5 Million      +16  [U.S.S.G. §2B1.1(b)(1)(I)]
20
     Misrep. during Bankruptcy   +2   [U.S.S.G. § 2B1.1(b)(9)(B)]
21

22   **Count Two**

23   Base Offense Level:          18  [U.S.S.G. § 2T1.1(a)(1);
24                                     U.S.S.G. § 2T4.1(G)]

25   Defendant and the USAO reserve the right to argue that additional

26   specific offense characteristics, adjustments, and departures under

27   the Sentencing Guidelines are appropriate.   Specifically, the

28   government will argue that a sophisticated means enhancement under

15

U.S.S.G. § 2B1.1(b)(10)(C) applies to defendant's bankruptcy crime and that a sophisticated means enhancement under U.S.S.G. § 2T1.1(b)(2) applies to defendant's tax crime.  The government also reserves the right to argue that a one or two-level multi-count adjustment applies pursuant to U.S.S.G. §§ 3D1.4(a) and (b).

19.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

                    WAIVER OF CONSTITUTIONAL RIGHTS

21.  Defendant understands that by pleading guilty, defendant gives up the following rights:

          a.   The right to persist in a plea of not guilty.

          b.   The right to a speedy and public trial by jury.

          c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

          d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

          e.   The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

22. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

23. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 24 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the

17

constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 24 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

26.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court; (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

sentence; and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentencing calculations set forth above are consistent with the facts of this case. This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

32. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

1             PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       33.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF

7   CALIFORNIA

8   E. MARTIN ESTRADA
    United States Attorney

9

10  _____      February 5, 2023

11  THOMAS F. RYBARCZYK             Date
    Assistant United States Attorney

12  _____      2-2- 2023

13  MARK HANDEL                   Date
    Defendant

14  _____      2/2/23

15  JENNIFER LIESER             Date
    MARK WINDSOR

16  Attorneys for Defendant MARK HANDEL

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25

26

27

28

                          CERTIFICATION OF DEFENDANT

     I have read this agreement in its entirety.  I have had enough
time to review and consider this agreement, and I have carefully and
thoroughly discussed every part of it with my attorney.  I understand
the terms of this agreement, and I voluntarily agree to those terms.
I have discussed the evidence with my attorney, and my attorney has
advised me of my rights, of possible pretrial motions that might be
filed, of possible defenses that might be asserted either prior to or
at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____        _Feb 2 2023_____
MARK HANDEL                             Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARK HANDEL's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          2/3/23
JENNIFER LIESER                          Date
Attorney for Defendant MARK HANDEL

# EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          CR No. 20-612(A)-ODW

11              Plaintiff,             F I R S T
                                       S U P E R S I D I N G
12              v.                     I N F O R M A T I O N

13  MARK HANDEL,                       [18 U.S.C. § 152(3): False
                                       Statement in Bankruptcy; 26 U.S.C.
14              Defendant.             § 7206(1): Subscribing to False
                                       Tax Return; 18 U.S.C. §
15                                     981(a)(1)(C), 28 U.S.C. § 2461(c):
                                       Criminal Forfeiture]
16

17       The United States Attorney charges:

18                         COUNT ONE

19                 [18 U.S.C. § 152(3), 2(b)]

20       On or about April 14, 2015, in Los Angeles County, within the

21  Central District of California, defendant MARK HANDEL knowingly and

22  fraudulently made and willfully caused to be made a materially false

23  declaration and statement under penalty of perjury within the meaning

24  of Title 28, United States Code, Section 1746, in and in relation to

25  a case under Title 11, United States Code, namely bankruptcy case

26  number 1:15-bk-11292-MT in the United States Bankruptcy Court for the

27  Central District of California, by submitting and declaring under

28  penalty of perjury to be true a Statement of Financial Affairs, which

represented that defendant HANDEL had no "gross amount of income" from "employment, trade, or profession, or from operation of [defendant HANDEL's] business, including part-time activities either as an employee or in independent trade or business" from 2013 to the time of filing.  In fact, as defendant HANDEL then knew, he had received substantial income from employment operation of a business for these periods.

COUNT TWO

[26 U.S.C. § 7206(1)]

On or about October 13, 2016, in Los Angeles County, within the Central District of California, defendant MARK HANDEL willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for the calendar year 2015, which defendant HANDEL verified by a written declaration that it was made under penalty of perjury, which was filed with the Internal Revenue Service, and which defendant HANDEL did not believe to be true and correct as to every material matter, namely, in that line 22 of the Form 1040 reported his total income of negative $9,441,623 when, in fact, as defendant HANDEL then knew, he did not have a total income of negative $9,441,623 and had an income of $1,096,175 for calendar year 2015.

1

FORFEITURE ALLEGATION

2

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3     1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 981(a)(1)(C) and Title 28, United States

7  Code, Section 2461(c), in the event of the defendant's conviction of

8  the offense set forth in Count One of this First Superseding

9  Information.

10     2.   The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12        (a)   All right, title and interest in any and all property,

13  real or personal, constituting, or derived from, any proceeds

14  traceable to any such offense, including without limitation, the

15  $3,545,712.44 in funds which represents the net proceeds of the sale

16  of the real property located at the intersection of Comcast Place and

17  North Canyons Parkway in Livermore, California, which property was

18  sold pursuant to the Order for Interlocutory Sale entered on May 10,

19  2021; and

20        (b)   To the extent such property is not available for

21  forfeiture, a sum of money equal to the total value of the property

22  described in subparagraph (a).

23     3.   Pursuant to Title 21, United States Code, Section 853(p), as

24  incorporated by Title 28, United States Code, Section 2461(c), the

25  defendant shall forfeit substitute property, up to the total value of

26  the property described in the preceding paragraph if, as the result

27  of any act or omission of the defendant, the property described in

28  the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.


                                        E. MARTIN ESTRADA
                                        United States Attorney


                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Deputy Chief, Public Corruption &
                                        Civil Rights Section

                                        THOMAS F. RYBARCZYK
                                        Assistant United States Attorney
                                        Public Corruption & Civil Rights
                                        Section

# EXHIBIT B

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                              WESTERN DIVISION

11   UNITED STATES OF AMERICA,          Case No. CR 20-612-ODW

12             Plaintiff,               WAIVER AND RELEASE OF CLAIMS TO
                                        CONTEST FORFEITURE OF FORFEITABLE
13             v.                       PROPERTY

14   MARK HANDEL,

15             Defendant.

16

17        1.   Mark Handel ("defendant") has entered into a plea

18   agreement with the United States Attorney's Office for the Central

19   District of California.

20        2.   As part of that agreement defendant has agreed to forfeit

21   his interest in the $3,545,712.44 in funds which represents the net

22   proceeds of the sale of the real property located at the

23   intersection of Comcast Place and North Canyons Parkway in

24   Livermore, California, which property was sold pursuant to the Order

25   for Interlocutory Sale entered on May 10, 2021 (the "forfeitable

26   property").

27        3.   DTMM Construction, Inc. through its Chief Executive

28   Officer Sarah Jane Lulloff ("DTMM") and Sarah Jane Lulloff on behalf

of herself and any other entity in which Sarah Jane Lulloff has held an ownership interest or has served as an officer, director, manager, partner, trustee or other representative (which entities are collectively referred to herein as the "Entities" and include, without limitation, SDLT VII, LLC, Charter 4, LLC, and Future Growers, LLC) by their signatures hereunder, hereby agree to the forfeiture of any interest they may have in the forfeitable property to the United States of America, and knowingly, voluntarily, and intelligently waive, relinquish, and surrender all rights to contest the forfeiture of the forfeitable property to the United States, as well as any and all rights to judicial review of the forfeiture of the forfeitable property.

4.    If DTMM, Sarah Jane Lulloff, or the Entities submitted a claim or petition for remission with respect to the forfeitable property, this Waiver and Release constitutes a complete withdrawal of any such claim or petition, and DTMM, Sarah Jane Lulloff, and the Entities agree and understand that their interest in the forfeitable property shall be judicially forfeited to the United States of America without any further notice.

5.    DTMM, Sarah Jane Lulloff, and the Entities agree that they will execute further documents, to the extent necessary, to convey clear title to the forfeitable property to the United States, and to further implement the terms of the Order of Forfeiture.

Dated: 2/2, 2023

SARAH JANE LULLOFF, on behalf of Herself, and DTMM Construction, Inc., SDLT VII, LLC, Charter 4 LLC, Future Growers, LLC, and all other Entities

ATTACHED to WAIVER & RELEASE OF CLAIMS-

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Los Angeles _____ )

On _____ February 2, 2023 _____ before me, Helen A. Dickerson, Notary Public
(insert name and title of the officer)

personally appeared _____ **Sarah Jane Lulloff- ONLY _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

HELEN A. DICKERSON
Notary Public - California
Los Angeles County
Commission # 2300320
My Comm. Expires Sep 1, 2023