1  KATIE TOWNSEND (SBN 254321)
   ktownsend@rcfp.org
2  GRAYSON CLARY*
3   * *pro hac vice application forthcoming*
   REPORTERS COMMITTEE FOR
4  FREEDOM OF THE PRESS
5  1156 15th Street NW, Suite 1020
   Washington, D.C. 20005
6  Telephone: 202.795.9300
7  Facsimile: 202.795.9310

8  JEFF GLASSER (SBN 252596)
9  jeff.glasser@latimes.com
   LOS ANGELES TIMES COMMUNICATIONS LLC
10 2300 E. Imperial Highway
11 El Segundo, CA 90245
   Telephone: 213-237-7077
12

13 *Counsel for Non-Party Intervenor*
14 LOS ANGELES TIMES COMMUNICATIONS LLC

FILED
CLERK, U.S. DISTRICT COURT
8/30/24
CENTRAL DISTRICT OF CALIFORNIA
BY: ___SE___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00612-ODW-1 |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL** |
| v. | |
| MARK HANDEL, | |
| Defendant. | [Memorandum of Points and Authorities and [Proposed] Order Filed Concurrently Herewith] |
| | Date: September 30, 2024 |
| | Time: 10:00AM |
| | Judge: Hon. Otis D. Wright, II |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 30, 2024 at 10:00AM, or as soon as this matter may be heard before the Honorable Otis D. Wright, II, United States District Court Judge of the United States District Court for the Central District of California, non-party Los Angeles Times Communications LLC (the "*Los Angeles Times*"), will and hereby does move to intervene in the above-captioned action for the limited purpose of unsealing judicial records related to Defendant Mark Handel's motion to compel discovery, *see* ECF Nos. 59, 61, 70–73, 77–78, and the exhibits to the United States' sentencing position, *see* ECF No. 125, with the exception of exhibits that consist of grand jury transcripts (together, the "Handel Materials").

This Motion is made on the grounds that:

(1) The *Los Angeles Times* is entitled to intervene in the above-captioned action for the limited purpose of asserting its common law and First Amendment rights of access to judicial records that were filed with this Court in this matter;

(2) The First Amendment right of access attaches to "pretrial documents in general" in criminal cases, *Associated Press v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 705 F.2d 1143, 1145 (9th Cir. 1983), including, specifically, to filings related to a motion to "compel discovery" in a criminal case, *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999). The First Amendment likewise attaches to "sentencing proceedings" and related documents. *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012); *see also CBS, Inc v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir.

1985) (First Amendment right of access to motion to reduce sentence). The United States (the "Government") can overcome the First Amendment's presumption of public access only by demonstrating—and only to the extent that it can demonstrate—that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *CBS, Inc.*, 765 F.2d at 825 (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). The blanket sealing of the Handel Materials in their entirety has not been, and cannot be, justified under that standard.

(3) The common law right of public access likewise attaches to the Handel Materials. *See, e.g.*, *United States v. Miske*, No. 19-cr-00099, 2022 WL 1073797, at *1–3 (D. Haw. Apr. 8, 2022) (common law presumption of access to criminal motion to compel); *United States v. James*, 663 F. Supp. 2d 1018, 1020 (W.D. Wash. 2009) (common law presumption of access to sentencing records). The Government can rebut that "strong" presumption of access only by demonstrating "compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). The Government cannot satisfy that standard.

(4) Even if sealing of the Handel Materials could be justified on a showing of good cause, *see* Fed. R. Civ. P. 26, that standard cannot sustain blanket secrecy either. The Government cannot make a particularized showing in support of continued wholesale sealing of the Handel Materials, which it has acknowledged document possible official misconduct in which the public has a powerful interest.

This Notice of Motion and Motion are based on the concurrently filed Memorandum of Points and Authorities, all pleadings, records, and files in the above-captioned case, all matters of which the Court shall take judicial notice, and on such argument as may be presented by counsel at any hearing on this Motion.

This Motion is made following conferences of counsel, pursuant to L.R. 7-3, on with counsel for Defendant Mark Handel on August 8 and with counsel for the Government on August 15 and August 26. Defendant takes no position on this Motion. The Government opposes this Motion in part and provided the *Times* with the following statement of its position:

> The government has met and conferred with counsel for the Applicant on two occasions, August 15, 2024 and August 26, 2024. The Applicant has stated that it does not seek unseal the grand jury transcripts and grand jury exhibits, which were filed under seal at Dkt. 125. The government has represented that, for the purposes of this case only, it does not intend to challenge the Applicant's standing to file its motion. The government has also stated that it would <u>not</u> oppose the Applicant's motion to unseal a limited category of documents: specifically, bankruptcy-related filings (Dkt. 61), the sealing order itself (Dkt. 71), and, subject to the redactions discussed below, discovery letters (Dkts. 61, 73) and an agent declaration (Dkt. 125).
>
> However, the government <u>does</u> oppose the outright unsealing of the following categories of documents: (1) wiretap applications and related linesheets (Dkts. 73, 78); (2) a pen register application (Dkt. 61); (3) investigative reports, including investigative reports that reference sensitive investigative techniques (Dkts. 61, 125); and (4) transcripts of a FBI interview (Dkt. 73). Further, if the Court agrees to unseal these materials along with the search warrants and/or pleadings, any unsealed materials must nonetheless be redacted to remove: (1) the names/identities of uncharged third parties, including those who were then subjects of the federal investigation; (2) names/identities of confidential government informants and witnesses who cooperated in the federal investigation; (3) any information protected by grand jury secrecy; (4) descriptions of any confidential/non-public investigative tools; and (5) any

references to communications intercepted by the wiretap or the names individuals intercepted.

The government reserves the right to amend its above-stated position in light of any new or different arguments or positions the Applicant raises in its forthcoming motion.

For the reasons given in the accompanying Memorandum of Points and Authorities, the *Times* respectfully urges that this Court order the Handel Materials unsealed.

Dated: August 30, 2024

                                              s/ *Katie Townsend*
                                              Katie Townsend
                                              REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS

                                              *Counsel for Non-Party Intervenor*
                                              LOS ANGELES TIMES COMMUNICATIONS LLC