FILED
CLERK, U.S. DISTRICT COURT

8/30/24

CENTRAL DISTRICT OF CALIFORNIA
BY:      SE      DEPUTY

KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
GRAYSON CLARY*
 * pro hac vice application forthcoming
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone:  202.795.9300
Facsimile:  202.795.9310

JEFF GLASSER (SBN 252596)
jeff.glasser@latimes.com
LOS ANGELES TIMES COMMUNICATIONS LLC
2300 E. Imperial Highway
El Segundo, CA 90245
Telephone: 213-237-7077

*Counsel for Non-Party Intervenor*
LOS ANGELES TIMES COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK HANDEL,<br><br>Defendant. | Case No. 2:20-cr-00612-ODW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**<br><br>Date:  September 30, 2024<br><br>Time: 10:00AM<br><br>Judge:  Hon. Otis D. Wright, II |

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 2

ARGUMENT .............................................................................................................. 6

I.      The motion to intervene should be granted. ................................................ 6

II.     The Handel Materials should be unsealed. ................................................... 7

        A.      The First Amendment and common law presumptions of access attach to
                the Handel Materials. ........................................................................ 8

        B.      Neither the First Amendment nor the common law presumption of access
                is overcome with respect to the Handel Materials. ........................... 13

        C.      Even under a good-cause standard, the Government cannot show broad
                sealing is justified in light of the public interest in access. .............. 16

CONCLUSION ........................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Associated Press v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
  705 F.2d 1143 (9th Cir. 1983)........................................................................9

*Bradley ex rel. AJW v. Ackal*,
  954 F.3d 216 (5th Cir. 2020) .......................................................................14

*CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
  765 F.2d 823 (9th Cir. 1985).........................................................................9

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016)................................................................10, 11

*Dobronski v. F.C.C.*,
  17 F.3d 275 (9th Cir. 1994)..........................................................................15

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ......................................................................10

*Garrison v. Louisiana*,
  379 U.S. 64 (1964) .......................................................................................18

*Globe Newspaper Co. v. Superior Court*,
  457 U.S. 596 (1982) .......................................................................................6

*In re Appl. of Consumer Watchdog & L.A. Times Commc'ns LLC*,
  No. 2:24-cv-01650, 2024 WL 2104448 (C.D. Cal. Apr. 11, 2024) ...........6, 7, 14

*In re Appl. of NBC, Inc.*,
  635 F.2d 945 (2d Cir. 1980).........................................................................14

*In re Application of Newsday, Inc.*,
  895 F.2d 74 (2d Cir. 1990)...........................................................................12

*In re Application of the U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*,
  707 F.3d 283 (4th Cir. 2013)........................................................................12

*In re Copley Press, Inc.*,
  518 F.3d 1022 (9th Cir. 2008) ........................................................................ 9

*In re Granick*,
  No. 16-mc-80206, 2018 WL 7569335 (N.D. Cal. Dec. 18, 2018), *aff'd*, 388 F.
  Supp. 3d 1107 (N.D. Cal. 2019) ................................................................... 12

*In re Hearst Newspapers, LLC*,
  641 F.3d 168 (5th Cir. 2011) ......................................................................... 9

*In re L.A. Times Commc'ns LLC*,
  28 F.4th 292 (D.C. Cir. 2022 ............................................................... 2, 6, 14

*In re L.A. Times Commc'ns LLC*,
  628 F. Supp. 3d 55 (D.D.C. 2022) ................................................................ 14

*In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*,
  964 F.3d 1121 (D.C. Cir. 2020) .................................................................... 12

*In re McClatchy Newspapers, Inc.*,
  288 F.3d 369 (9th Cir. 2002) .................................................................... 7, 15

*In re N.Y. Times Co.*,
  828 F.2d 110 (2d Cir. 1987) ......................................................................... 11

*In re Roman Cath. Archbishop of Portland*,
  661 F.3d 417 (9th Cir. 2011) ....................................................................... 17

*In re Time Inc.*,
  182 F.3d 270 (4th Cir. 1999) ......................................................................... 9

*In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*,
  707 F.3d 283 (4th Cir. 2013) ....................................................................... 10

*In re Wash. Post Co.*,
  807 F.2d 383 (4th Cir. 1986) ....................................................................... 11

*Kamakana v. City & County of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ............................................................ 1, 13, 17

*Mendez v. City of Gardena*,
  222 F. Supp. 3d 782 (C.D. Cal. 2015) ................................................... 14, 17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL

*Mills v. Alabama*,
   384 U.S. 214 (1966) ........................................................................................ 17

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ............................................................... 1, 7, 8, 16

*Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*,
   920 F.2d 1462 (9th Cir. 1990) ........................................................... 7, 13

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) .................................................................. 16

*Press-Enter. Co. v. Superior Court* (*Press-Enterprise II*),
   478 U.S. 1 (1986) .......................................................................................... 8

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist. (San Jose)*,
   187 F.3d 1096 (9th Cir. 1999) ................................................................. 16

*Seelig v. Infinity Broad. Corp.*,
   97 Cal. App. 4th 798 (2002) ...................................................................... 3

*United States v. Beckham*,
   789 F.2d 401 (6th Cir. 1986) ................................................................... 14

*United States v. Bundy*,
   No. 2:16-cr-00046, 2016 WL 3606779 (D. Nev. July 1, 2016) ................. 7

*United States v. Bus. of Custer Battlefield Museum & Store*,
   658 F.3d 1188 (9th Cir. 2011) ............................................................ 8, 15

*United States v. Criden*,
   648 F.2d 814 (3d Cir. 1981) .................................................................... 14

*United States v. Erie County*,
   763 F.3d 235 (2d Cir. 2014) ...................................................................... 9

*United States v. Index Newspapers LLC*,
   766 F.3d 1072 (9th Cir. 2014) ................................................................. 13

*United States v. Kott*,
   135 F. App'x 69 (9th Cir. 2005) ...................................................... 2, 7, 15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

*United States v. Kushner*,
   349 F. Supp. 2d 892 (D.N.J. 2005) ........................................................... 11

*United States v. Kwok Cheung Chow*,
   No. 14-cr-00196, 2015 WL 5094744 (N.D. Cal. Aug 28, 2015) ............... 11

*United States v. Miske*,
   No. 19-cr-00099, 2022 WL 1073797 (D. Haw. Apr. 8, 2022)................... 10

*United States v. Rivera*,
   682 F.3d 1223 (9th Cir. 2012)..................................................................... 9

*United States v. Sealed Search Warrants*,
   868 F.3d 385 (5th Cir. 2017)..................................................................... 10

*United States v. Wecht*,
    484 F.3d 194 (3d Cir. 2007)...................................................................... 10

*Welsh v. City & County of San Francisco*,
   887 F. Supp. 1293 (N.D. Cal. 1995) ......................................................... 17

**Other Authorities:**

David Zahniser & Sarah D. Wire, *Accuser in Tony Cárdenas Assault Case
   Alleges He Helped Her Family Get Free Rent*, L.A. Times (Aug. 17,
   2018) ............................................................................................................ 3

Patrick McGreevy, *Legislation Is Tailored for L.A. Firm*, L.A. Times (June
   9, 2008) ........................................................................................................ 3

Ryan Vaillancourt, *Developer Wants to Close Course,* L.A. Times (July 13,
   2007) ............................................................................................................ 2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

# INTRODUCTION

Non-party Los Angeles Times Communications LLC (the "*Los Angeles Times*"
or "*Times*") seeks to intervene in the above-captioned criminal case for the limited
purpose of obtaining an order unsealing certain judicial records filed in the high-
profile prosecution of real-estate developer Mark Handel ("Defendant")—records
that, according to the parties, document an investigation into possible public
corruption involving California government officials.  Those records go to the heart
of "the interest of citizens in 'keep[ing] a watchful eye on the workings of public
agencies,'" as well as the role of news organizations like the *Los Angeles Times* in
"publish[ing] information concerning the operation of government."  *Kamakana v.
City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v.
Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (first alteration in original).

The documents in question include filings related to Defendant's motion to
compel discovery, *see* ECF Nos. 59, 61, 70–73, 77–78, as well as exhibits to the
sentencing position of the United States (the "Government"), *see* ECF No. 125
(collectively, the "Handel Materials").[1]  As the parties have described them, the
Handel Materials document "law enforcement's investigation into politicians and
their staffers," Mark Windsor Decl. ¶ 3 (ECF No. 75), and have been sealed to protect

---

[1]    The *Times* does not seek to unseal those exhibits that consist of grand jury
transcripts.  *See* Thomas F. Rybarczyk Decl. ¶ 2 (ECF No. 120).

1

"public officials" who "don't want that out there," Recording of Hr'g on Mot. to Compel, at 0:14–0:22 (Mar. 28, 2022), https://www.rcfp.org/wp-content/uploads/2024/06/5-01-Motion-to-compel_Recording_2.m4a. But the First Amendment and common law both guarantee presumptive public access to those judicial documents, and the Government cannot justify broad secrecy in this case in light of the "powerful public interest" in understanding allegations of official misconduct, *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022), and the public's right to "properly evaluate the fruits of the government's extensive investigation," *United States v. Kott*, 135 F. App'x 69, 70 (9th Cir. 2005).

Defendant takes no position on unsealing. The Government opposes this motion in part, as described in more detail below and in the *Times*' motion. For the reasons herein, the Court should enter an order granting the *Los Angeles Times*' motion to intervene and directing that the Handel Materials be unsealed.

## FACTUAL BACKGROUND

The *Los Angeles Times* is one of the largest daily newspapers in the United States, informing audiences throughout California and across the nation. In that role, *Times* reporters regularly cover newsworthy judicial proceedings in this District, and the *Times* has reported in depth on Defendant's business endeavors, *see, e.g.*, Ryan Vaillancourt, *Developer Wants to Close Course,* L.A. Times (July 13, 2007), https://perma.cc/8RBP-FZ73, and his longstanding relationships with state and

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

federal public officials, *see, e.g.*, David Zahniser & Sarah D. Wire, *Accuser in Tony Cárdenas Assault Case Alleges He Helped Her Family Get Free Rent*, L.A. Times (Aug. 17, 2018), https://perma.cc/X55R-66UD (documenting allegations that Defendant provided free housing to a woman who accused U.S. Representative Tony Cárdenas of sexual assault); Patrick McGreevy, *Legislation Is Tailored for L.A. Firm*, L.A. Times (June 9, 2008), https://perma.cc/GEN7-JYJ6 (documenting allegations that then-Assemblyman Felipe Fuentes "customized legislation for his donors," including Defendant, a "major campaign contributor").[2]

   On December 9, 2020, the Government charged Defendant with a range of financial crimes in a nine-count indictment. *See* Indictment at 1–11 (ECF No. 1). The indictment emphasized that Defendant "solicited large amounts of donations from his business associates and others to be paid to politicians," an effort that Defendant had allegedly undertaken, "at least in part, to benefit his real estate projects by gaining access to and having influence over politicians." *Id.* at 2.

   On November 25, 2021, Defendant filed under seal a motion to compel specific discovery from the Government. *See* ECF Nos. 54–61. In moving to seal Defendant's reply brief in support of that motion, Defendant's counsel disclosed that the records were sealed because they contain "information on law enforcement's

---

[2]    The Court may "take judicial notice of news articles" in evaluating the "significant interest to the public" of the issues at stake in this case. *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 807, 808 n.5 (2002).

investigation into politicians and their staffers." Mark Windsor Decl. ¶ 3 (ECF No. 75). At the hearing on Defendant's motion to compel, counsel for the Government likewise confirmed that "the briefing is sealed" in part because it references "public officials" who "don't want that out there." Recording of Hr'g on Mot. to Compel at 0:14–0:22. Defense counsel also disclosed in court filings and during on-the-record hearings in these proceedings that one aspect of Defendant's motion to compel addressed whether the Government had misled the Court about the timeline of its investigation into Mr. Handel in order to prompt the recusal of the Honorable Andre Birotte Jr., the judge originally assigned to this case, who had previously served as U.S. Attorney for the Central District of California. *See* Def.'s Supp. to Mot. to Compel Specific Disc. at 2 (ECF No. 67); *see also* Recording of Sentencing Hr'g, at 12:23–13:18 (Nov. 14, 2022), https://www.rcfp.org/wp-content/uploads/2024/06/01-Recording_Sentencing-4.m4a (referencing that claim).

On February 23, 2023, Defendant entered a guilty plea. *See* Plea Agreement (ECF No. 100). In connection with Defendant's sentencing, the Government filed six sealed attachments to its sentencing memorandum, *see* ECF No. 125, including several "witness interview reports," Thomas F. Rybarczyk Decl. ¶ 2 (ECF No. 120). In court filings related to his sentencing and during the hearing, Defendant again argued that the prosecution's genesis was an effort by the Government to obtain Defendant's cooperation in investigating public corruption. *See* Addendum to Defs.'

4

Sentencing Mem. at 7 n.2 (ECF No. 135 (disclosing that "Mr. Handel was twice interviewed by the FBI about his dealings with local politicians who were being investigated for corruption"); *see also* Recording of Sentencing Hr'g, at 19:00 (stating that "the original prosecutor on this case, she was doing a public corruption investigation and came to Mr. Handel to try to get him to give them information").

Pursuant to Local Rule 7.3, the *Times* met and conferred with Defendant on August 8 and the Government on August 15 and August 26, in an effort to narrow the issues for consideration by this Court.  While Defendant takes no position on unsealing, the Government has informed the *Times* that it opposes the motion in part. In particular, the Government provided the following statement of its position:

> The government has met and conferred with counsel for the Applicant on two occasions, August 15, 2024 and August 26, 2024.  The Applicant has stated that it does not seek unseal the grand jury transcripts and grand jury exhibits, which were filed under seal at Dkt. 125.  The government has represented that, for the purposes of this case only, it does not intend to challenge the Applicant's standing to file its motion.  The government has also stated that it would <u>not</u> oppose the Applicant's motion to unseal a limited category of documents: specifically, bankruptcy-related filings (Dkt. 61), the sealing order itself (Dkt. 71), and, subject to the redactions discussed below, discovery letters (Dkts. 61, 73) and an agent declaration (Dkt. 125).
>
> However, the government <u>does</u> oppose the outright unsealing of the following categories of documents: (1) wiretap applications and related linesheets (Dkts. 73, 78); (2) a pen register application (Dkt. 61); (3) investigative reports, including investigative reports that reference sensitive investigative techniques (Dkts. 61, 125); and (4) transcripts of a FBI interview (Dkt. 73).  Further, if the Court agrees to unseal these materials along with the search warrants and/or pleadings, any unsealed materials must nonetheless be redacted to remove: (1) the names/identities of uncharged third parties, including those who were then subjects of the federal investigation; (2) names/identities of confidential

government informants and witnesses who cooperated in the federal investigation; (3) any information protected by grand jury secrecy; (4) descriptions of any confidential/non-public investigative tools; and (5) any references to communications intercepted by the wiretap or the names individuals intercepted.

The government reserves the right to amend its above-stated position in light of any new or different arguments or positions the Applicant raises in its forthcoming motion.

To vindicate the "powerful public interest" in understanding allegations of possible public corruption on the part of California government officials, *In re Appl. of Consumer Watchdog & L.A. Times Commc'ns LLC*, No. 2:24-cv-01650, 2024 WL 2104448, at *3 (C.D. Cal. Apr. 11, 2024) (quoting *In re L.A. Times Commc'ns LLC*, 28 F.4th at 298), the *Los Angeles Times* seeks to intervene in this action for the limited purpose of unsealing the Handel Materials.

## ARGUMENT

### I. The motion to intervene should be granted.

"[R]epresentatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" when access to judicial records is at stake. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (citation and internal quotation marks omitted). Accordingly, courts "generally have permitted limited intervention by the media for the purpose of pursuing a request for access to material made part of the record during court proceedings" in criminal cases. *United States v. Bundy*, No. 2:16-cr-00046, 2016 WL

3606779, at *2 (D. Nev. July 1, 2016) (collecting cases); *see also Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1464 (9th Cir. 1990) (noting in a criminal case that the "press has standing" to challenge the sealing of judicial records). The *Times* is entitled to intervene to assert its First Amendment and common law rights to "keep a watchful eye on the workings of public agencies" and "publish information concerning the operation of government," *Nixon*, 435 U.S. at 598, and its motion to intervene for that limited purpose here should be granted.

## II.    The Handel Materials should be unsealed.

According to the parties, the Handel Materials document "law enforcement's investigation into politicians and their staffers," Mark Windsor Decl. ¶ 3 (ECF No. 75), and have been sealed to protect "public officials[,]" Recording of Hr'g on Mot. to Compel, at 0:14–0:22. But "[t]he high public official has no privacy interest in freedom from accusations, baseless though they may be, that touch on his conduct in public office or in his campaign for public office." *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 373 (9th Cir. 2002). On the contrary, judicial documents that bear on "[p]ublic confidence in government" are the very core of the First Amendment and common law rights of access, *In re Appl. of Consumer Watchdog & L.A. Times Commc'ns LLC*, 2024 WL 2104448, at *3, and the public is entitled to "properly evaluate the fruits of the government's extensive investigation" of possible public corruption, *Kott*, 135 F. App'x at 70. To vindicate those interests, this Court should

1    order that the Handel Materials be unsealed.

2        **A.    The First Amendment and common law presumptions of access
3              attach to the Handel Materials.**

4        "The law recognizes two qualified rights of access to judicial proceedings and

5    records, a common law right 'to inspect and copy public records and documents,

6    including judicial records and documents,' and a 'First Amendment right of access'"

7
8    to certain judicial proceedings and documents.  *United States v. Bus. of Custer*

9    *Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011) (first quoting

10
11   *Nixon*, 435 U.S. at 597, then quoting *Press-Enter. Co. v. Superior Court* (*Press-*

12   *Enterprise II*), 478 U.S. 1, 8 (1986)).  Both the First Amendment and common law

13
14   presumptions of access attach to all of the judicial records at issue here.

15       To determine whether the First Amendment presumption applies, courts look

16   to the complementary and related considerations of "experience and logic"—that is,

17
18   "whether the place and process have historically been open to the press and general

19   public" and "whether public access plays a significant positive role in the functioning

20   of the particular process in question."  *Press-Enterprise II*, 478 U.S. at 8, 9.

21
22   Applying that framework, the Ninth Circuit has explained "that the press and public

23   have historically had a common law right of access to most pretrial documents" in

24   criminal cases, documents that "are often important to a full understanding of the way

25   in which the judicial process and the government as a whole are functioning."

26
27   *Associated Press v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 705 F.2d 1143, 1145 (9th

28

---

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

Cir. 1983) (internal quotation marks omitted).  As a result, "the public and press have

a first amendment right of access to pretrial documents in general," *id.*, and to filings

related to any motion to "compel discovery" in criminal cases, in particular, *In re

Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999).  Like every other federal court of

appeals to address the question, the Ninth Circuit also has held that the First

Amendment presumption attaches to "sentencing proceedings" and related filings.

*United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012); *see also CBS, Inc. v.

U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985) (First

Amendment presumption of access attaches to motion to reduce sentence).[3]  The

same is true of any "motion to seal and the memoranda supporting it," as well as any

related sealing orders.  *In re Copley Press*,  518 F.3d 1022, 1028 (9th Cir. 2008).

The common law, too, guarantees a presumptive right of access to the Handel

Materials.[4]  There is "a strong presumption in favor of access to court records" under

the common law, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th

---

[3]    *Accord In re Hearst Newspapers, LLC*, 641 F.3d 168, 176 (5th Cir. 2011) (observing that
numerous "courts of appeals have also recognized a First Amendment right of access to documents
filed for use in sentencing proceedings," citing cases from the 2nd, 9th, 11th, and D.C. Circuits).

[4]    Because criminal proceedings are the straightforward heartland of the First Amendment
right of access, the Ninth Circuit typically looks first to whether questions of access can be resolved
under the First Amendment in the criminal context before considering the common law.  *See In re
Copley Press, Inc.*, 518 F.3d 1022, 1026 (9th Cir. 2008) ("We must first consider whether the First
Amendment gives the public a right to access these documents.").  That approach is warranted here,
where Circuit precedent speaks directly to the First Amendment presumption of access to pre-trial
documents and sentencing-related records but has not yet addressed the common law question.  *See
United States v. Erie County*, 763 F.3d 235, 241 (2d Cir. 2014) (where stronger First Amendment
presumption of access applies, further common law analysis is unnecessary).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

Cir. 2003), one that reaches an even broader class of records than the First Amendment, *see United States v. Sealed Search Warrants*, 868 F.3d 385, 390 n.1 (5th Cir. 2017) (common law presumption can attach "[e]ven absent a finding of a First Amendment right of access"); *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (same). In particular, the common law presumption attaches to any record "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). That standard is more than met with respect to the records at issue here.

As to the records related to Defendant's motion to compel, the Government's duties to a criminal defendant plainly implicate "substantive rights," *Ctr. for Auto Safety*, 809 F.3d at 1098 (internal citation omitted), including fundamental considerations of due process under the Fifth Amendment. In that respect, as the Third Circuit explained in a similar posture, judicial records adjudicating the Government's production obligations in a criminal prosecution are fundamentally unlike "traditional civil discovery between private parties," *United States v. Wecht*, 484 F.3d 194, 210 (3d Cir. 2007); they are governed not just "by rules of procedure but by the Constitution," *id.* at 209. Underlining the point, Defendant's motion to compel appears to have been his only substantive effort to refute any of the charges against him prior to entering a guilty plea. *See United States v. Miske*, No. 19-cr-00099, 2022 WL 1073797, at *3 (D. Haw. Apr. 8, 2022) (motion to compel

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL

1   "addresse[d] the merits of th[e] case" for purposes of the common law presumption

2   of access where defendant used the motion to "assert[] that the withheld information

3   relates to his alleged innocence with respect to one or more of the charged crimes").

4

5          The sentencing submissions are also presumptively public records.  Those

6   documents are far more than tangentially related to the merits—sentencing is not just

7   "an integral part of a criminal prosecution" but "the culmination of the trial."  *In re*

8   *Wash. Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986).  Those records "bear[] directly

9   upon the Court's Article III duties in the criminal justice arena, perhaps the most

10  important of judicial duties."  *United States v. Kushner*, 349 F. Supp. 2d 892, 905

11  (D.N.J. 2005).  Because they affect "substantive rights," *Ctr. for Auto Safety*, 809

12

13  F.3d at 1092 (quotation marks omitted), the common law presumption attaches.

14

15          It does not alter the analysis that the Handel Materials may refer to, attach, or

16  incorporate materials related to wiretaps, or to any applications or orders under the

17  Pen Register Act or Stored Communications Act.  As to any wiretap material, Title

18  III's sealing provisions do not apply to "excerpts of Title III materials" that are

19

20  included in, or attached to, another judicial record subject to a presumption of access:

21  "by their incorporation into the parties' arguments and the Court's analysis, the

22  excerpts themselves become judicial records."  *United States v. Kwok Cheung Chow*,

23

24  No. 14-cr-00196, 2015 WL 5094744, at *4 (N.D. Cal. Aug 28, 2015); *see also In re*

25  *N.Y. Times Co.*, 828 F.2d 110, 114–116 & n.1 (2d Cir. 1987) (First Amendment

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

presumption of access to "documents containing Title III material filed in connection with a pretrial motion in a criminal proceeding); *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) ("[t]he presence of material derived from intercepted communications" in another record subject to the common law presumption "does not change its status as a public document subject to a common law right of access).

The same logic applies to portions of, or attachments to, the Handel Materials that incorporate material related to pen registers or search warrants issued under the Stored Communications Act. And for that matter, unlike Title III, neither the Pen Register Act nor the Stored Communications Act requires material related to a pen register order or an SCA order to be sealed, *see In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1129–30 (D.C. Cir. 2020) (Garland, J.), and "there is a *presumptive* common law right of access to those materials," *In re Granick*, No. 16-mc-80206, 2018 WL 7569335, at *11 (N.D. Cal. Dec. 18, 2018), *aff'd*, 388 F. Supp. 3d 1107, 1129 (N.D. Cal. 2019) (common law presumption of access to pen register and Stored Communications Act materials); *see also In re Application of the U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283, 290–91 (4th Cir. 2013) (common law presumption of access to § 2703(d) orders and applications).[5] Simply put, whether or not there are Title III materials, Pen

---

[5]    The *Granick* court ultimately concluded that the presumption was overcome by a concern not present here—namely, the "administrative burdens" of a request to unseal many years' worth of records. *In re Granick*, 388 F. Supp. 3d at 1129.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

Register Act materials, or Stored Communications Act materials attached to or incorporated into the Handel Materials does not alter the relevant analysis; both the First Amendment and common law presumptions of public access attach to materials filed in connection with a criminal defendant's motion to compel and sentencing.

**B.    Neither the First Amendment nor the common law presumption of access is overcome with respect to the Handel Materials.**

Where the First Amendment presumption attaches to a judicial record, it may be overcome only if—and only to the extent that—"(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co.*, 920 F.2d at 1466. The Government can overcome the "strong" common law presumption, for its part, only by demonstrating "compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178–79 (citations omitted). In either analysis, blanket secrecy is disfavored because tailored redactions offer a less-restrictive alternative. *See id.* at 1183–85; *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1093 (9th Cir. 2014). Here, particularly where the Handel Materials squarely implicate the public's ability to evaluate allegations of public corruption, no showing the Government might attempt to make could justify the continued broad sealing that the Government seeks.

13

1   For one, the presumptions of access are "especially strong" in cases—like this

2   one—that involve allegations of wrongdoing by public officials.  *In re Appl. of NBC,*

3   *Inc.*, 635 F.2d 945, 952 (2d Cir. 1980); *accord, e.g.*, *United States v. Criden*, 648 F.2d

4   814, 822 (3d Cir. 1981); *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir.

5   

6   1986); *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 232 (5th Cir. 2020); *In re L.A.*

7   *Times Commc'ns LLC*, 28 F.4th at 298.  As another court in this District recently

8   explained: "Public confidence in government—which lies at the core of a well

9   

10  functioning democracy—is shaken, if not shattered, when public officials and those

11  operating on their behalf engage in criminal or unethical conduct," a reality that

12  

13  requires "public scrutiny" of public corruption investigations in order "to determine

14  the extent to which wrongdoers have been held accountable."  *In re Appl. of*

15  *Consumer Watchdog & L.A. Times Commc'ns LLC*, 2024 WL 2104448, at *3.  And

16  

17  where—as here—an extensive investigation led to no officials being charged, the

18  public is entitled to know "whether the government had the evidence but nevertheless

19  

20  pulled its punches."  *In re L.A. Times Commc'ns LLC*, 628 F. Supp. 3d 55, 66

21  (D.D.C. 2022) (internal citation omitted)*; see also Mendez v. City of Gardena*, 222 F.

22  Supp. 3d 782, 792 (C.D. Cal. 2015) (noting that public officials and government

23  

24  entities "cannot assert a valid compelling interest in sealing [judicial records] to cover

25  up any wrongdoing on their part or to shield themselves from embarrassment").

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

Any countervailing interests the Government might assert are fatally weak on these facts. The Handel Materials were apparently sealed in the first instance because they "refer[] to sensitive, confidential information on law enforcement's investigation into politicians and their staffers." Mark Windsor Decl. ¶ 3 (ECF No. 75). But as the Ninth Circuit has explained, "[t]he high public official has no privacy interest in freedom from accusations, baseless though they may be, that touch on his conduct in public office or in his campaign for public office," and "the private individual" likewise "has no privacy interest in allegations, baseless though they may be, bearing on the way he does business with public bodies." *In re McClatchy Newspapers, Inc.*, 288 F.3d at 373; *cf. Dobronski v. F.C.C.*, 17 F.3d 275, 279–80 (9th Cir. 1994) (noting, in the FOIA context, that the "nominal privacy interest" of public employees "does not overcome the public interest in disclosure of official misconduct"). Moreover, where an "investigation has been completed," law enforcement interests that might have been relevant at an earlier stage of the proceedings "fall[] away." *Kott*, 135 F. F. App'x at 70–71; *see also Bus. of Custer Battlefield Museum & Store*, 658 F.3d at 1194. And regardless, even if the Government could demonstrate some residual need for secrecy as to some portion of Handel Materials, the Court could "accommodate [any such] concerns by redacting sensitive information rather than refusing to unseal the materials entirely." *Id.* at 1195 n.5.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

1       In sum, the strong presumptions of public access to judicial records—which are

2   even weightier under the circumstances here—are not overcome.  The press and

3   public's bedrock right to "to keep a watchful eye on the workings of public agencies"

4

5   requires unsealing of the Handel Materials.  *Nixon*, 435 U.S. at 598.

6       **C.**    **Even under a good-cause standard, the Government cannot show**

7       **broad sealing is justified in light of the public interest in access.**

8       Even if a good-cause standard—rather than the First Amendment or common

9   law standard—applied to the Handel Materials (it does not), the secrecy sought by the

10  Government still would be unjustified here in light of the urgent public interests

11  favoring disclosure.  "For good cause to exist, the party seeking protection bears the

12  burden of showing specific prejudice or harm will result if no protective order is

13

14  granted," *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11

15  (9th Cir. 2002), a showing that must be "particularized . . . with respect to any

16  individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist. (San*

17

18  *Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  And even where that threshold showing

19  is made, a court must go on to "balance[] the public and private interests" at stake

20  before approving secrecy.  *Phillips*, 307 F.3d at 1211.  Here, the powerful public

21

22  interest in understanding allegations of public corruption dwarfs any countervailing

23  interest the Government might attempt to demonstrate.

24      The Ninth Circuit has "directed courts doing this balancing" to weigh:

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**

1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 & n.5 (9th Cir. 2011) (citation omitted).  The balance of those factors plainly favors access on these facts.

For one, as discussed above, public officials have no legitimate interest in concealing allegations of official misconduct.  *See Mendez*, 222 F. Supp. 3d at 792; *Welsh v. City & County of San Francisco*, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995) (noting, in the good-cause context, that "[t]he public has a strong interest in assessing the truthfulness of allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely").  And the *Times*, for its part, seeks access to the Handel Materials for a legitimate—indeed vital—purpose: to "publish information concerning the operation of government," *Kamakana*, 447 F.3d at 1178 (citation omitted), thereby "keeping officials elected by the people responsible to all the people whom they were selected to serve," *Mills v. Alabama*, 384 U.S. 214, 219 (1966).  There can be no question that this case involves issues of the utmost importance to the public.  The First Amendment recognizes a "paramount public

17

1  interest in a free flow of information to the people concerning public officials, their

2  servants," and information "germane to fitness for office"—including possible

3
   evidence of "dishonesty, malfeasance, or improper motivation"—lies at the core of
4

5  that constitutional purpose.  *Garrison v. Louisiana*, 379 U.S. 64, 77 (1964).  Thus,

6  even if a good-cause standard applied, the Handel Materials should be unsealed.

7
                                    **CONCLUSION**
8

9          For the reasons set forth above, the *Los Angeles Times* respectfully requests

10  that the Court grant its motion to intervene and order the Handel Materials unsealed.

11
    Dated: August 30, 2024
12

13                                      s/ *Katie Townsend*
                                        Katie Townsend
14                                      REPORTERS COMMITTEE FOR
                                        FREEDOM OF THE PRESS
15

16                                      *Counsel for Non-Party Intervenor*
                                        LOS ANGELES TIMES
17                                      COMMUNICATIONS LLC

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY
LOS ANGELES TIMES COMMUNICATIONS LLC TO INTERVENE AND UNSEAL**